# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 13-1205** (Ohio County 99-F-61)

**Donald B.,**
**Defendant Below, Petitioner**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Donald B., by counsel Justin M. Hershberger, appeals the Circuit Court of Ohio County's October 22, 2013, order sentencing him to two consecutive terms of ten to twenty years in prison following a jury conviction on two counts of sexual assault in the second degree.[1] The State of West Virginia, by counsel Scott R. Smith and Joshua J. Norman, filed a response in support of the circuit court's sentencing order. On appeal, petitioner argues that the circuit court erred in (1) applying Rule 35(a) of the West Virginia Rules of Criminal Procedure to this matter and (2) denying various rights, such as his rights to allocution and personal presence at sentencing, by failing to provide a plenary sentencing hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] In 1999, the jury found petitioner guilty of eight felony counts related to two minor victims: two counts of sexual assault in the first degree; two counts of incest; two counts of sexual abuse by a custodian; and two counts of sexual assault in the second degree. In 2000, the circuit court sentenced petitioner to consecutive prison terms on all eight counts, which resulted in a cumulative prison term of eighty to one-hundred-and-ninety years. In April of 2008, the United States Court of Appeals for the Fourth Circuit granted petitioner's first federal petition for a writ of habeas corpus on confrontation clause grounds, which vacated six of petitioner's convictions related to one minor victim. *See B[.] v. McBride*, 521 F.3d 443 (4th Cir. 2008). This appeal concerns only the two remaining counts of sexual assault in the second degree.

We also note because this case involves a minor victim of sex crimes, we use only the petitioner's first name and last initial consistent with our practice in cases involving minors and sensitive facts. *See State ex rel. Dept. of H.S. v. Cheryl M.*, 177 W. Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

In December of 1999, a jury convicted petitioner of two counts of sexual assault in the second degree in violation of the 1991 version of West Virginia Code § 61-8B-4. Although the underlying indictment alleged that petitioner committed these sexual assaults between the years of 1988 and 1994, the evidence presented at trial was limited to petitioner's sexual assaults occurring in 1989 and 1990. Notwithstanding the evidence presented at trial, but without objection, the circuit court sentenced petitioner pursuant to the 1991 version of West Virginia Code § 61-8B-4, which imposed a penalty of ten to twenty-five years in prison. However, the version of West Virginia Code § 61-8B-4 in place during the years of 1989 and 1990 provided for a penalty of ten to twenty years in prison.

In March of 2007, petitioner filed his second federal petition for a writ of habeas corpus alleging, inter alia, that his sentence violated the ex post facto clause of the United States Constitution as it was imposed under the 1991 version of West Virginia Code § 61-8B-4, which provided for a greater penalty than the version in place at the time of the criminal acts for which he was convicted. On May 29, 2008, the United States District Court for the Northern District of West Virginia denied petitioner's second habeas petition. However, in June of 2009, the United States Court of Appeals for the Fourth Circuit, by unpublished per curium opinion, vacated the federal district court's May 29, 2008, order denying habeas relief and remanded the matter to the federal district court for further proceedings. On remand, in September of 2010, the federal district court vacated petitioner's sentences and remanded the matter to the Circuit Court of Ohio County "for re-sentencing." On remand to the circuit court, petitioner sought a plenary sentencing hearing, at which he intended to argue for alternative sentencing; he also filed letters with the circuit court in support of an alternative sentence. The State, however, filed a sentencing recommendation in which it argued that the circuit court could only correct the illegal sentence previously imposed, pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure. The State maintained that petitioner could not argue for an alternative sentence because the circuit court could only enter a new sentencing order correcting the illegal maximum prison term.

In October of 2013, the circuit court held a hearing to determine whether petitioner should receive a plenary sentencing hearing or whether the circuit court should proceed to enter an order correcting the previous prison term limits, pursuant to Rule 35. Initially, the circuit court, out of an abundance of caution, set the matter for a plenary sentencing hearing in November of 2013. However, on October 22, 2013, prior to said hearing, the circuit court entered an order sentencing petitioner to two consecutive counts of two to twenty years in prison, pursuant to the version of West Virginia Code § 61-8B-4 in place at the time of the sexual assaults for which petitioner was convicted. This appeal followed.

This Court has held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). With this standards in mind, we now turn to petitioner's two assignments of error.

On appeal, petitioner first assigns error to the circuit court's application of Rule 35(a) of the West Virginia Rules of Criminal Procedure in this matter. Rule 35(a) provides, in relevant part, that "[t]he court may correct an illegal sentence at any time[.]" While petitioner argues that

2

his original sentence could not be corrected under Rule 35(a) because the federal district court vacated the original sentencing order, he does not contest the fact that he stands convicted of two counts of sexual assault in the second degree or that his prior sentence on those counts was illegal. We discussed a similar issue in *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), where we explained that setting aside a recidivist conviction and its attendant life sentence

> does not affect the validity of the underlying felony conviction of sexual assault in the second degree. This situation is analogous to that where the court, upon a valid conviction, mistakenly imposes an incorrect sentence. In such event we have adhered to the majority rule that a proper sentence can be imposed . . . . The resentencing is unrelated to the underlying truth-finding process which led to the conviction and only corrects the improper sentence.

*Id*. at 142, 254 S.E.2d at 812. Similarly, in this case, the circuit court, in the original instance, mistakenly sentenced petitioner to an illegal, enhanced prison term under the incorrect version of West Virginia Code § 61-8B-4. Thereafter, the federal district court vacated, or set aside, that sentencing order and remanded to the circuit court "for re-sentencing." In accordance with the mandate from the federal district court, the circuit court corrected this mistakenly illegal sentence by resentencing petitioner to a proper term of imprisonment under the correct version of West Virginia Code § 61-8B-4. Following a thorough review of the record on appeal, we find no error in the circuit court's application of Rule 35(a) under such circumstances.

Petitioner's second and final assignment of error is that the circuit court erred in denying him a plenary sentencing hearing prior to resentencing him. Specifically, petitioner argues that the circuit court denied his rights to allocution, presentation of mitigation evidence, an opportunity for his attorney to address sentencing alternatives, and to be present in person at a sentencing hearing. Importantly, however, petitioner does not argue that he failed to receive a plenary sentencing hearing, with all attendant rights, at the time of his original disposition in this matter, and the State maintains that he was so provided with those rights. Therefore, petitioner, in essence, argues that he was entitled to a second plenary sentencing hearing due to the federal district court's order vacating his original sentence. Assuming, arguendo, that we adopt his position that the federal district court's mandate placed him in the position as if no original sentencing order had been entered, we still find no controlling authority entitling him to a second plenary sentencing hearing. The federal district court's order vacated the original sentencing order and clearly and expressly mandated "re-sentencing." Such mandate was fulfilled by the circuit court. Therefore, given the circumstances of this case, we find no error in the circuit court's order.

For the foregoing reasons, the circuit court's October 22, 2013, order, is hereby affirmed.

Affirmed.

**ISSUED:**  June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis